JONATHAN C. FORBUSH & another *vs.* WESTERN MASSACHUSETTS
INSURANCE COMPANY.

A statement in a policy of insurance, that a certain sum is insured on the same property by another company named, even if a warranty, is satisfied by the existence of such insurance by that company at the time of issuing this policy; although one of the conditions of that insurance be that it shall be annulled by any subsequent insurance obtained without the consent of that company, and such consent be not obtained to this insurance. And if such consent be not obtained, these insurers are liable for the whole amount of any loss, notwithstanding a provision in their policy that in case of any other insurance, whether prior or subsequent, they will not be liable beyond the proportion which the amount insured by them bears to the whole amount insured.

ACTION OF CONTRACT on a policy of insurance, numbered 23, and dated January 10th 1853, whereby the defendants insured the plaintiffs for one year, against loss or damage by fire, $1,000 on their stock in trade, fixtures and tools, " described in survey No. 23 on file in this office, which forms a part of this policy, and a warranty to the assured. $2,000 of the above is insured at the People's Mutual Co. in Worcester." In the policy sued upon, it is provided as follows : " In case the assured, or any other person or parties interested, shall have already any other insurance against loss by fire, on the property hereby insured, not notified to this company and mentioned in or indorsed upon this policy, then this insurance shall be void and of no effect." " And in case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the assured shall not, in case of loss or damage, be entitled to demand or recover of this company any greater portion of the loss or damage sustained, than the amount hereby insured shall bear to the whole amount insured on the said property." " And it is moreover declared that this policy is made and accepted in reference to the survey on file at this office and the conditions hereto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for." The conditions of insurance are not material to this case. The plaintiffs, in their application for insurance, to an interrogatory

put to them, answer : " Property is now insured at the People's Mutual Co. in Worcester for two thousand dollars " ; and covenant that the application " is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant, and are material to the risk."

Before the issuing of the defendants' policy, namely, on the 18th of October 1852, the plaintiffs had obtained from the People's Mutual Fire Insurance Company of Worcester a policy of $2,000 on the same stock for one year from that date, under the conditions and limitations expressed in the by-laws of that company, among which were the following : " When a subsequent insurance shall be made by any other company or person, on property insured at this office, without the consent of the president or secretary, in writing, and according to the terms in such consent expressed, it shall annul the said policy." " The company reserve the right to cancel any policy upon the mutual principle, at any time when two thirds of the directors present at any legal meeting shall deem there is sufficient cause therefor," giving notice, and refunding a portion of the premium.

On the 20th of February 1853 the property insured by the defendants was destroyed by fire to the amount of $715.39, and due notice thereof given to the defendants, and payment demanded. The plaintiffs did not obtain the consent in writing of the president or secretary of the People's Company, as required by their by-laws, to this insurance ; and did not give any notice of the same to that company until after the fire ; and that company decline to pay any part of the loss.

The parties submitted the case to the decision of the court upon the facts above stated, together with copies of the policies and of the conditions annexed, and of the applications for insurance—the plaintiffs claiming the right to recover the whole of the loss from the defendants ; and the defendants contending that the plaintiffs were entitled to recover no part of the loss, or, at most, only one third thereof, being the proportion which the amount insured by the defendants bears to the whole amount insured by both companies.

Forbush & another *v.* Western Massachusetts Insurance Company.

The arguments were had at October term 1854.

*H. Chapin*, for the plaintiffs.

*J. D. Colt & J. H. Hill*, for the defendants.

SHAW, C. J.* The policy on which this action is brought contains a clause to this effect: " $2,000 of the above is insured at the People's Mutual Co. in Worcester." A similar statement was made in the application upon which this policy was founded.

In point of fact, there was a previous valid insurance at the People's Office for $2,000. That policy contained a stipulation, that in case any subsequent insurance should be made by the assured on the same property, without the assent of the company, signified in writing by the president or secretary, such policy should be void. It is conceded that the policy relied on in this case was a subsequent insurance, and was neither notified to the People's Company, nor assented to in writing by the president or secretary, in consequence of which the People's Company insist that they are not liable, and have refused to pay any part of the loss.

There is a clause in the present policy, stipulating that if there be other insurance rightfully subsisting and in force at the time of any loss, the defendants, on this policy, shall be liable only to a ratable proportion of the loss.

Upon these grounds, the defendants insist either, 1st, that on account of this false representation or breach of warranty, they are not liable for any part of the loss on this policy ; or 2d, that if liable for any thing, they are liable only to the same extent as if there was no false representation or breach of warranty, and as if, in fact, there were another valid subsisting insurance on the property at the time of the loss, that is, one third of the plaintiffs' actual loss.

In the first place, the court are of opinion, that the representation made in the application, and the statement in the policy, that the premises were then under insurance for $2,000 at the People's Office, was in exact accordance with the fact. It was so insured by a good and valid policy, which had attached and taken effect, and was then in force, and would so remain until an

---

* THOMAS, J. did not sit in this case.

insurance subsequent to that in time should be made to the same assured, and not assented to by that company by means of the signature of their president or secretary. It appears to us, therefore, that there was no false representation, no deception practised by the assured, either by the statement in the application or that in the policy, so as to render the policy void, and excuse them altogether from any performance.

But upon the other ground it is contended that this policy contained a warranty, not only that the property was then under another insurance for $2,000, but that in legal effect it was a warranty that such insurance should continue so long as this policy should remain in force, and that the plaintiffs are estopped to deny that the property was so insured; and therefore this policy is to be adjusted upon the same grounds as if the property were under such insurance at the time of the loss; and upon that principle the plaintiffs are entitled to one third only of their actual loss against the defendants.

A warranty, in a policy of insurance, is an express stipulation that something then exists, or has happened, or been done, or shall happen or be done; and this must be literally and strictly complied with by the assured, whether the truth of the fact, or the happening of the event, be or be not material to the risk, or be or not connected with the cause of loss. It is a strict condition. Its effect is that the assured takes on himself the responsibility of the truth of the fact, or the happening or not of such contingency; and unless the warranty be strictly complied with, the policy does not take effect. It is a condition precedent, and the assured is estopped from denying or asserting any thing contrary to his express warranty. *Blackhurst* v. *Cockell,* 3 T. R. 360. *De Hahn* v. *Hartley,* 1 T. R. 343. *Newcastle Fire Ins. Co.* v. *Macmorran,* 3 Dow, 255. *Miles* v. *Connecticut Mutual Life Ins. Co.* 3 Gray, 580.

But whilst the law requires of the assured a strict and literal compliance with the warranty, whatever may be the motive for inserting it, so the same rule of strict and literal performance shall be applied when it operates in favor of the assured. " A warranty," says Mr. Justice Kent, in *Kemble* v. *Rhinelander,*

3 Johns. Cas. 134, " must be literally complied with ; but this strict compliance ought to operate in favor, as well as against the assured, whenever he can bring himself within the terms of it."

Nothing is to be added by way of intendment or construction, when the words are clear and intelligible, although it may reasonably be inferred that some object was intended to be accomplished by the warranty, which a mere literal compliance does not fully reach. A case in point is reported in 1 Marsh. on Ins. (3d ed.) 354, *Hyde* v. *Bruce.* A ship insured was warranted to carry twenty guns. She had twenty two guns, but only twenty five men, a number quite insufficient to work the guns in case they should be required for defence. It was objected that this warranty implied that there should be a complement of men for twenty guns ; but it was decided otherwise. And Lord Mansfield, in deciding that a literal compliance was sufficient, said that if a warranty be meant to mislead, it is a fraud, as much as a false representation, and would avoid the policy. *S. C.* 3 Doug. 213.

In the present case, there was no warranty that the stock insured should continue to be under another insurance during the period for which this policy was made, or for any time whatever. On the contrary, the policy at the People's Office would expire by its own limitation three months before the risk taken by this policy. Had there been a loss after the time limited by that policy had expired, and before the end of the year for which this was made, no reason can be perceived why the defendants should not be responsible for the whole loss. But on referring to the prior policy at the People's Office, though valid when this subsequent policy was made, it appears there were other contingencies upon which, by its terms, the insurance should cease and determine, besides the lapse of time. One was, that which in fact occurred, that if a subsequent insurance should be made by the assured, on the same stock, and not assented to by the People's Company in the manner stipulated by the by-laws, that policy should cease. Another arises from another provision of the by-laws of the People's Company, which is, that the com-

29 *

pany reserve the right to cancel any policy, upon the mutual principle—of course, before any loss has occurred—on notice and a return of the premium for the unexpired term. Supposing the prior policy had been terminated in the mode last mentioned, which might have been done without the act or assent of the assured, before any loss by fire, it seems to us that the contingency would not exist upon which, by the terms of their policy, any portion of the loss could be charged upon any other subsisting insurance; and therefore their obligation would remain, by force of their contract, to pay the actual loss incurred.

It is stated, in one of the passages above cited, that a false warranty, like a false representation, if intended to deceive, is a fraud, and for that reason will avoid a policy. We do not perceive that there is any ground on which to impute such fraud to these plaintiffs. Having paid the premium for both insurances, they believed, no doubt, that the prior insurers would assent to this additional insurance, and both would be in force during the time the policy of the People's Company had to run. But further, there was no suppression of any fact affecting the question. The assured, in their warranty, not only asserted the fact that the stock was then covered by another insurance, but they referred the defendants to the policy in the People's Office, by which it was made; and, of course, referred them to all the terms and conditions upon which that policy was made. By that reference, the defendants were informed not only of the fact of such insurance, but of the term of time for which it was made, and when it would expire, and the contingencies upon which it might be determined before the expiration of the time it had to run. The defendants then took this risk with this limited and partial warranty, that the property was then under prior insurance, (if indeed this can be considered a warranty,) and did not require a warranty that a like amount of insurance should be kept on the property any length of time afterwards. The warranty should have been so extended, if such was the intention of the parties.

The clause which we have been considering was probably inserted in the policy to avoid the effect of the printed clause providing that if the assured had already any other insurance

against fire, on the property insured thereby, and not men-
tioned in or indorsed upon that policy, it should be void.   Perhaps
the insurers had no object beyond that in inserting this clause.
But as it is the assertion of a fact stated in the body of the policy,
it may be technically considered as a warranty of the truth of the
fact stated; and this construction being most favorable for the
defendants, we have considered the question in that view.   Tak-
ing this clause, then, as an express warranty, and construing it
strictly, according to the settled rules of law applicable to such
warranties in the law of insurance, the court are of opinion that
there has been no breach of the warranty in the present case;
that the assured are not estopped to show that there was no
other valid insurance on this property at the time of the fire;
that, in fact, there was then no other subsisting insurance, liable
for any portion of the loss; and therefore the defendants, by
their policy, are liable for the amount of the actual loss, being
within the sum by them insured.

*Judgment for the plaintiffs for the whole amount of the loss.*